UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

|  |  |
|---|---|
| Warsaw Sugar Beet Association LP I,<br><br>Plaintiff,<br><br>vs.<br><br>Federal Crop Insurance Corporation,<br><br>Defendant. | CIVIL FILE NO. _____<br><br>**COMPLAINT** |

Plaintiff, for its cause of action against defendant, states and alleges as follows:

I.

This court has jurisdiction pursuant to 7 U.S.C. § 6999, 7 U.S.C. § 1501 et. seq., and 7 C.F.R. § 400 et. seq.

II.

Plaintiff is a North Dakota limited partnership engaged in the business of sugarbeet farming in the North Dakota counties of Grand Forks, Pembina, and Walsh, in 2006.

III.

The Federal Crop Insurance Corporation (FCIC) is an agency of and within the Department of Agriculture and a corporation established pursuant to 7 U.S.C. § 1503, with principal offices of the corporation located in the District of Columbia. The Risk Management Agency (RMA) is an agency of the United States Department of Agriculture which operates and

manages the FCIC. The FCIC provides crop insurance to American farmers, sold and serviced by private insurers.

IV.

This dispute arises out of a claim of indemnity due plaintiff under the sugarbeet provisions of the common crop insurance policy (MPCI policy) sold by Ace Property and Casualty Company to plaintiff, serviced by Rain and Hail, LLC and reinsured by FCIC.

V.

In 2006, plaintiff purchased an MPCI policy, policy no. 0629400, for its sugarbeets in Grand Forks, Pembina, and Walsh Counties, insuring 520.7 acres. The policy was purchased through the insurer's agent, Renae Fayette, AgCountry Farm Credit Services, Grafton, North Dakota. The insured units consisted of field headlands and openings.

VI.

Plaintiff sustained a production loss due to drought that was an insurable loss under the terms of the policy in the approximate amount of $241,000.00.

VII.

In an adverse decision dated May 25, 2007, the Risk Management Agency determined that no indemnity was due plaintiff on MPCI policy no. 0629400 for plaintiff's 2006 crop loss on its sugarbeets.

VIII.

Plaintiff appealed from the adverse decision of the Risk Management Agency to the National Appeals Division, and requested a hearing. An in-person hearing was held before NAD hearing officer Richard L. Nelson on August 30, 2007. The hearing was reopened on September 28 by the hearing officer, and an additional in-person hearing was held on November 20, 2007.

IX.

In an appeal determination dated January 24, 2008, the hearing officer determined that the RMA decision was not erroneous, and upheld the adverse decision of the RMA that plaintiff was not entitled to recover indemnity for its 2006 sugarbeet production loss. The decision of Hearing Officer Nelson was a Final Determination of the Department of Agriculture.

X.

The adverse decision of the RMA, as upheld by the National Appeals Division Hearing Officer in his January 24, 2008 decision, was appealed to this court on the grounds that it was unsupported by substantial evidence, erroneous, arbitrary and capricious, and not in accordance with existing law. See Court File No. 2:09-cv-4. On February 18, 2010, this court rendered its decision, adopting the recommendations of U.S. Magistrate Judge Karen Klein dated January 26, 2010, citing the Common Crop Insurance regulations at 7 C.F.R. § 3(g)(3), found "[t]he NAD Hearing Officer's determination that different production methods were used to establish the Master Yield than were used to produce [Appellant's] 2006 sugar beet crop is supported by substantial evidence, and is not arbitrary, capricious, an abuse of discretion, or contrary to existing law." The court also found that the Hearing Officer's determination that Appellant misreported information and was subject to the consequences in Subsection 6(g) of the policy was not supported by substantial evidence. The Hearing Officer's Appeal Determination was affirmed in part and reversed in part and remanded to RMA for "...a determination as to whether [Warsaw] sustained a production loss due to drought on its 2006 sugar beet crops, after the FCIC adjusts [Warsaw's] Master Yield."

XI.

In a letter to Appellant's legal counsel dated March 22, 2010, the Director of the Billings Regional Office of RMA stated: "Pursuant to the February 18, 2010 judgment in the above described case (attached), we have been asked to adjust [Appellant's] 2006 crop year sugar beet master yield taking into consideration the headland/field opening and early harvest yield influences." The RMA Regional Director requested resubmission or "recertification" of Appellant Operating Partner's sugar beet yield history for the years 1990, 1994, 1998, 2002 and 2005, through the separating out of the headland/field opening and early harvest acreage and associated production, and by providing the applicable supporting verifiable production records and the applicable maps.

XII.

In response to the RMA Regional Director's March 22, 2010 letter, Appellant, by letter dated September 30, 2010, submitted production records and field maps for Appellant Operating Partner's sugar beet APH for crop years 1990, 1994, 1998, 2002 and 2005, broken down to the extent possible separating out the headland/field opening and early harvest acreage and associated production, in support of a requested revised master yield of 21.01 tons per acre, later amended to 21.15 tons per acre. Appellant also provided an alternative master yield calculation of 17.94 tons per acre derived by using a published Transitional Yield (T-Yield) for the 2002 crop year, later amended to 17,985 tons per acre.

XIII.

In a February 17, 2011 adverse decision, the RMA Regional Director communicated RMA's determination to set the revised master yield for Appellant for the early harvest headland and field opening production method/practice for the 2006 crop year at 13 tons per acre.

XIV.

Warsaw filed an appeal with the National Appeals Division of the United States Department of Agriculture challenging the RMA adverse decision dated February 17, 2011 and requested a hearing. An in-person hearing was held before NAD Hearing Officer Ted W. Hinesley on June 1, 2011.

XV.

In an appeal determination dated August 12, 2011, the hearing officer determined that the February 17, 2011 decision was not in error and upheld the decision of the RMA establishing Warsaw's 2006 sugar beet master yield at 13 tons per acre. The decision of Hearing Officer Hinesley was the Final Determination of the Department of Agriculture. A copy of the August 12, 2011 appeal determination is attached hereto as Exhibit A and incorporated herein by reference.

XVI.

The adverse decision of the RMA dated February 17, 2011, as upheld by the National Appeals Division Hearing Officer Ted W. Hinesley on August 12, 2011, is not supported by substantial evidence, is erroneous, arbitrary and capricious, and not in accordance with existing law. This court should determine as a matter of law that Warsaw's 2006 sugar beet master yield is 21.15 tons per acre.

WHEREFORE, plaintiff demands judgment as follows:

A. Determining that the adverse decision of the Risk Management Agency, as upheld by the National Appeals Division Hearing Officer Ted W. Hinesley on August 12, 2011, is unsupported by substantial evidence, erroneous, arbitrary and capricious, and not in accordance with existing law.

B.  Reversing the Final Determination of the Department of Agriculture dated February 17, 2011.

C.  Determining that Warsaw's 2006 sugar beet master yield is 21.15 tons per acre.

D.  Awarding such other and further relief as the court deems just and proper.

                PEMBERTON, SORLIE, RUFER
                & KERSHNER, P.L.L.P.

Dated: August 29, 2011        By:   s/ H. Morrison Kershner
                H. Morrison Kershner, No. 04128
                110 North Mill Street - P.O. Box 866
                Fergus Falls, Minnesota 56538-0866
                Telephone: 218-736-5493
                Facsimile: 218-736-3950
                Email: m.kershner@pemlaw.com

                **ATTORNEYS FOR PLAINTIFF**

HMK:vks
2007-4317